UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ROBERT SAAD,

 -vs-                                              Case No.
                                                   Hon.
ASSET ACCEPTANCE, LLC,
        Defendant.

## COMPLAINT & JURY DEMAND

*Robert Saad makes the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Defendant to this lawsuit is Asset Acceptance, LLC ("Asset Acceptance") which is a corporation doing business in Michigan.

### Venue

4. The transactions and occurrences which give rise to this action occurred in Macomb County.

5. Venue is proper in the Eastern District of Michigan.

## General Allegations

6. Some time prior to September 2008, Asset Acceptance was engaged to collect on a Citibank account.

7. The debt was not owed by Plaintiff.

8. Plaintiff is a person.

9. The debt was a consumer debt.

10. By way of full disclosure to this Court, Plaintiff would ordinarily fall within the confines of *Wright v Finance Service of Norwalk, Inc.,* 22 F.3d 647 (6th Cir. 1994), however, Asset Acceptance has consistently treated Plaintiff as if he were responsible for the debt and thus he has standing to assert sections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. which govern conduct towards the "consumer."

11. In September 2008, Asset Acceptance began a telephone campaign against Plaintiff to collect on the debt.

12. From September 2008 until April 2, 2009, Asset Acceptance telephoned Plaintiff at least three times a week and up to four times a day on his home phone number.

13. Asset Acceptance caused Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse and/or harass Plaintiff.

14. Asset Acceptance's debt collector asked Plaintiff when he was going to pay the debt.

15. Through this communication, Asset Acceptance falsely represented the character, amount or legal status of the debt, namely that Plaintiff owed the debt.

16. Through these communications Asset Acceptance attempted to collect amounts that were not owed by Plaintiff.

17. In Plaintiff's first communication with Asset Acceptance, Plaintiff told Asset Acceptance that it must send him written notice of the debt. He further told Asset Acceptance not to call back before it had sent him such notice.

18. Asset Acceptance, did not within five days of the initial communication, or ever, send Plaintiff written notification of the debt.

19. In each communication, Plaintiff told Asset Acceptance that he was not a debtor and that it should stop calling him.

20. Asset Acceptance ignored Plaintiff's multiple requests and continued to call Plaintiff.

21. These calls constitute communications at a time and place known to be inconvenient by Asset Acceptance to the consumer.

22. On many occasions, Asset Acceptance would call only to hang up after Plaintiff answered the phone.

23. In these instances, Asset Acceptance used a device to block the identification of its telephone number.

24. This conduct constitutes harassing, oppressive and/or abusive conduct.

25. Through this conduct, Asset Acceptance placed telephone calls without meaningful disclosure of the caller's identity.

26. On many occasions, Asset Acceptance initiated the telephone call to Plaintiff using an artificial or prerecorded voice to deliver the message.

27. Asset Acceptance did not have Plaintiff's express consent to call on his home phone.

28. On January 30, 2009, Plaintiff faxed a letter to Asset Acceptance demanding that it cease and desist from communicating with him.

29. On February 3, 2009, Plaintiff emailed Asset Acceptance demanding that it cease and desist from communicating with him.

30. On February 5, 2009, Plaintiff once again faxed Asset Acceptance his demand that it cease and desist from communicating with him.

31. Asset Acceptance acknowledge receipt of Plaintiff's email.

32. Asset Acceptance ignored Plaintiff's request and continued to call him.

33. Asset Acceptance communicated with Plaintiff after receiving a written cease communication notice.

34. Because Plaintiff was frustrated and annoyed by the daily telephone calls from Asset Acceptance, on February 16, 2009, he filed a complaint with the Michigan Attorney General.

35. Asset Acceptance had knowledge that Plaintiff wanted the calls to stop and in particular, that it did not have Plaintiff's consent to call.

36. Asset Acceptance continued to call Plaintiff.

37. Each and every time Asset Acceptance used an artificial or prerecorded voice to deliver its message, it adversely affected Plaintiff's privacy rights.

38. As a result of the acts alleged above, Plaintiff has suffered damages.

### **COUNT I – Fair Debt Collection Practices Act**

39. Plaintiff incorporates the preceding allegations by reference.

40. At all relevant times Asset Acceptance – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

41. Asset Acceptance is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

42. Plaintiff is a "consumer" under the FDCPA, 15 U.S.C. §1692a(3).

43. At all times relevant to this complaint, Asset Acceptance sought to collect a "consumer" debt from Plaintiff.

44. Asset Acceptance's actions to collect this alleged debt from Plaintiff violated the provisions of the FDCPA including, but not limited to: 15 U.S.C. §1692c(a)(1), c(c), d, d(5), d(6), e, e(2)(A), f and g(a).

45. Plaintiff has suffered damages as a result of these violations of the FDCPA.

**COUNT II – Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.***

46. Plaintiff incorporates the preceding allegations by reference.

47. Asset Acceptance unfairly, unlawfully, intentionally, deceptively and fraudulently violated the Telephone Consumer Protection Act of 1991, ("TCPA"), 47 U.S.C. § 227 *et seq.*

48. Asset Acceptance's violations include, but are not limited to the following:

    a. Asset Acceptance made telephone calls to Plaintiff's residential telephone line using artificial and/or prerecorded voices to deliver messages without Plaintiff's prior express consent, in violation of 47 U.S.C. § 227(b)(1)(B).

49. Plaintiff is entitled to five hundred dollars in damages for each violation of the TCPA, 47 U.S.C. § 227(b)(3)(B), from Asset Acceptance.

50. Asset Acceptance caused the unlawful phone calls to be placed willfully and/or knowingly, entitling Plaintiff to a maximum of treble damages from Asset Acceptance under the TCPA, 47 U.S.C. § 227(b)(3).

51. Plaintiff has suffered damages as a result of these violations of the TCPA.

### COUNT III – Michigan Occupational Code as alternative to claims under the Michigan Collection Practices Act

52. Plaintiff incorporates the preceding allegations by reference.

53. Asset Acceptance is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

54. Plaintiff is a consumer or debtor as that term is defined in M.C.L. § 339.901(f).

55. Asset Acceptance 's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the MOC including but not limited to the following: M.C.L. § 339.915(a), (e), (f), (n) and (q).

56. Plaintiff has suffered damages as a result of these violations of the MOC

57. These violations of the MOC were willful.

### COUNT IV – Michigan Collection Practices Act as alternative to claims under the Michigan Occupational Code

58. Plaintiff incorporates the preceding allegations by reference.

59. Asset Acceptance is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

60. Plaintiff is a consumer or debtor as that term is defined in M.C.L. § 445.251(d).

61. Asset Acceptance 's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the MCPA, M.C.L. § 445.251 *et seq.* including, but are not limited to, the following  M.C.L § 445.251 (a), (e), (f), (n) and (q).

62. Plaintiff has suffered damages as a result of Asset Acceptance's violations of the MCPA.

63.  Asset Acceptance's violations of the MCPA  were willful.

**Demand for Jury Trial**

64.     Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

65.     *Accordingly, Plaintiff requests that the Court grant:*

   a.     *Equitable relief under statute and common law, in the form of a declaration that the amount sought by Defendant is not actually owed by Plaintiff and an injunction prohibiting further collection of those amounts.*

   b.     *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   c.     *Statutory damages.*

   d.     *Treble damages.*

   e.     *Statutory costs and attorney fees.*

                                                Respectfully Submitted,

                                                LYNGKLIP & ASSOCIATES
                                                CONSUMER LAW CENTER, PLC

                                                By:    S/ Julie A. Petrik
                                                Julie A. Petrik (P47131)
                                                Attorney For Robert Saad
                                                24500 Northwestern Highway, Ste. 206
                                                Southfield, MI 48075
                                                (248) 208-8864
                                                JuliePetrik@Att.Net

Dated: September 14, 2009